## WESTERN BAG & BURLAP CO v. TRANCHINA

---

(Feb. 28, 1927. Opinion and Decree.)
(Mar. 28, 1927. Rehearing Refused.)
(May 23, 1927. Writs of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Sales—Par. 123, 134.**

The defendant in New Orleans signed an ˌorder to plaintiff in Chicago, through its salesman, for 5000 bags; the salesman inserted in the original order an additional 10,000 bags; the order, as

altered, was accepted by the plaintiff. Held: Defendant's repudiation of the order for 10,000 bags did not release him from his obligation to accept and pay for 5000 bags to him.

Appeal from Civil District Court, Division "B". Hon. Porter Parker, Judge.

Action by Western Bag & Burlap Company against Felice Tranchina.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Sol Weiss, Wiener & Netter, Louis H. Yarrut, of New Orleans, attorneys for plaintiff, appellee.

Dart, Kernan & Dart, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J., dissents.

## OPINION

CLAIBORNE, J. This is a suit for damages for failure to accept delivery of goods sold.

The plaintiff alleged that it is domiciled in Chicago; that the defendant ordered from plaintiff 5000 bags at a price of $73.50 per thousand to be shipped September 1, 1920, on terms of payment at sight draft against bill of lading f.o.b. Chicago, and otherwise on the terms mentioned in the order annexed to the petition.

That the said order was accepted and the shipment of the 5000 bag lot duly made; that defendant refused to accept said shipment on its arrival in New Orleans, or to take up the draft with bill of lading attached.

That thereupon, after notice to defendant, plaintiff, in open market, sold said rejected shipment and derived therefrom, after de-

duction of freight, storage and other charges, $42.39 making a loss of $325.11.

That plaintiff also sold to the defendant ten thousand bags at the price of $75 per thousand, to be shipped on September 15, 1920, on the same terms as the shipment of 5000 bags.

That the defendant, prior to the shipment of the 10,000 bag lot, repudiated the order therefor and instructed plaintiff not to ship them.

That at the time of said repudiation the market price of said bags was $40 per thousand, and that defendant owes plaintiff the difference in price of $35 per thousand or $350.

That said two items make the sum of $675.11, which plaintiff claims from defendant.

So much of the order applicable to this case, is in the following words:

"Sales Contract
"Western Bag & Burlap Co.
"Chicago, Ill.
"No. 1051 August 5th, 1920.
"Sold to D. Tranchina and Son, City of New Orleans, State of Louisiana. Route I. C.
"Time of shipment, Sep. 1 to 15.
"Terms: Draft against bill of lading f.o.b. Chicago. Should there be more than one shipment on the contract, each shipment shall constitute a separate contract and shall be covered by a separate invoice. No verbal statement or trade custom shall alter this contract.
Quantity, size and grade. price per M.
"Sept. 1, 5000 No. 1 S. H. 19x36—8 oz. sugars $73.50.
"Sept. 15th—10,000 No. 1 S. H. 19x36 reversed $75.00.
"This contract to be binding on seller must be confirmed by the home office and cannot be cancelled by buyer for any reason whatsoever."
(Signed) "Western Bag and Burlap Co.
"By D. R. Goodman.,
"Accepted: D. Tranchina and Son,
"Per Felice Tranchina."

Defendant denied that he had ordered the 5000 bags as alleged, except as hereafter admitted; he denied having ordered 10,000 bags; he denied that the order for the 5000 bags was accepted; he admitted having refused to accept the consignment of 5000 bags "because there was no contract existing between him and plaintiff."

Further answering he alleged:

"That on the 5th day of August, 1920, respondent agreed to purchase from plaintiff 5000 bags designated as No. 1 S. H. 19x36, 8 oz. sugars at a price of $73.50 per thousand, upon the terms of 30 days' credit and the shipment to be made from Chicago, Illinois, during the latter part of September, 1920; that plaintiff, through Mr. D. R. Goodman, agreed to the terms aforesaid and executed a sales contract to correspond bearing the number 1051; that respondent signed said sales contract on the date aforesaid without reading the same; that in writing up said contract the said D. R. Goodman inserted time of shipment as September 1st, f.o.b. Chicago, on terms; draft against bill of lading; respondent further denies having signed the order herein sued on."

On November 23, 1923, there was judgment for plaintiff for $325.11; defendant has appealed.

The suit was filed in the District Court on May 10, 1921.

On the trial of the case counsel for plaintiff entered a waiver of any claim upon the alleged order for 10,000 bags.

An examination of the record will show that the defense set up in defendant's answer is different from that made on the trial. We must bear in mind that the defendant was sued upon two separate and distinct orders; one for 5000 bags and another for 10,000 bags. In his answer he admits having given the order for 5000 bags. His reason for refusing to pay for the same, as contained in his answer, are two-fold; first, that he bought "upon the terms, of thirty days' credit"; and second, that the shipment was to be made "during the latter part of September, 1920."

The answer to the first objection is that the sales contract contained the following words: "Time of shipment September 1st." There is no allegation nor charge that these words were not upon the contract at the time defendant signed it. He could neither allege nor charge that, for the reason that he himself produced and offered in evidence upon the trial of the case a carbon copy of the sales contract left in his hands by Goodman, and upon that copy, on yellow paper, are written, in conspicuous blue pencil, the very same words. "September 1st."

The defense that he bought upon the terms of thirty days' credit is equally weak. Upon the original sales contract, and upon the yellow copy produced and offered in evidence by defendant upon the trial of the case are printed in large roman type, different from the other type, the following words, "Terms: Draft against bill of lading;" and upon the face of the contract are printed the following words; "No verbal statement or trade custom shall alter this contract."

To justify the pleading the defendant proceeded in his answer to state: "That respondent signed said sales contract on the date aforesaid without reading the same."

The defense was without merit in law. 9 Cyc. 388; 35 Cyc. 63; and as a fact, is very weak, especially when he testified that he used 150,000 bags "in a season". He also charged that Goodman had inserted: "Terms: Draft against bill of lading," when we have seen that the words were printed in raised letters.

Admitting that the shipment was to have been made in the latter part of September, 1920, the bags were not sold at his risk until January, 1921, giving him three months to comply with the order.

But on the trial of the case the defense was shifted. The defendant was asked.

"Q. Now Mr. Tranchina, I wish you would tell me just why you refused to accept those bags?

"A. I refused to accept them because I think he had violated his contract. I think that when I signed a contract for 5000 bags, I would take the 5000, but when he put on 10,000 more on my contract, I don't think I am liable. * * * The reason I didn't want to take them is because I didn't know if I would be liable for them afterwards. The market was all right and everything, the bags were worth the price, but I wouldn't take the 5000 bags and then have them to force the 10,000 on me, which I didn't want.

"Q. Didn't the Western Bag and Burlap Co., on November 26, 1920, after this correspondence that you had with them, where'n you claimed you didn't give the order, didn't they agree that if you would accept the 5000 bags and pay their draft that they would cancel the additional 10,000 order?

"A. Yes."

The offer to cancel above referred to as a letter by plaintiff to defendant dated November 19, 1920, in the following words:

"Our Mr. Goodman emphatically states that he has sold you the additional 10,000 by telephone. In order to straighten this matter out, we will cancel the 10,000 bags that have not been shipped if you will at once pay the draft covering the 5000 bags that have been shipped and that are now held in New Orleans."

This offer is again repeated in a letter by plaintiff to defendant dated November 26, 1920, in these words:

"If you accept this shipment of 5000 bags we will cancel the 10,000 still due you."

There was no legal excuse on the part of the defendant to refuse to accept the 5000 bags. In a letter dated October 6, 1920, the defendant writes to plaintiff:

"So far as the order for the additional 10,000 is concerned you certainly must have confused us with somebody else as we only gave your representative one order and that was your No. 1051 for 5000 bags and this is the only order you have ever confirmed to us. When the railroad advise us shipment is here we will inspect it and if the bags are all right we will pay the draft but not before." ·

On October 18, 1920, the defendant again writes to plaintiff:

"When the 5000 bags arrive we will examine them as stated above and will pay for them if we find the shipment satisfactory."

There is no evidence that the defendant ever attempted to examine the bags. But there is evidence that the bags were in good condition.

Benjamin F. Feitel, a dealer in bags, to whom they were sold for account of defendant, after he had refused to accept them, testifies:

"Q. Did you examine the bags?
"A. Personally myself.
"Q. What can you say as to their being 19x36 second-hand bags?
"A. They were; we made no reduction for any bad bags.
"Q. They are all good bags as sold?
"A. Yes, sir."

It was not until November 23, 1920, that defendant changed his mind and resolved to reject the shipment of 5000 bags. On that day he writes to plaintiff:

"Replying to your various letters beg to say it is not our intention to accept the shipment you claim to have made us for as previously advised it was not made in accordance with our understanding, and then, too, you claimed to have an order for

more than we originally placed order for. Under the circumstances will advise your disposing of this shipment to some of your other buyers in New Orleans."

In conformity with this letter the plaintiff sold the 5000 bags to Feitel.

The orders 5000 and 10,000 bags were separate and distinct, and were so treated. One was given on August 5th in writing and the other was alleged to have been given some time afterwards by telephone. They were so treated by plaintiff. The one for 5000 bags was accepted by letter August 10th and by shipment. 1 Elliott on Contracts, S. 57. The one for 10,000 was held up until the 5000 bags were paid for. The sales contract contained the following clause:

"Should there be more than one shipment on this contract, each shipment shall constitute a separate contract and shall be covered by a separate invoice."

If defendant had not ordered the 10,000 bags and if he had not accepted them he could not have been made to pay for them. There is no argument to prove that the payment by defendant of the draft of $325.11 as the price of the 5000 bags would have created on his part an obligation to accept and pay for the 10,000 bags. But if there was, the plaintiff's reiterated offer to call off the 10,000-bag order if he would pay the draft for the 5000 bags would have released him at once from such obligation by payment of the draft.

We see no merit in the defense.

The amount of damages is established by the testimony of Feitel.

———

Defendant's offer to purchase 5000 bags was increased by plaintiff's salesman to 15,000 bags. Plaintiff did not see and did not know of the 5000-bag offer but con-

firmed the altered offer which defendant knew nothing of. There was therefore no contract and no obligation to take the 5000 bags.

I respectfully dissent.

(Signed) WM. W. WESTERFIELD.
Judge.